JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 14-1668-DOC (RNBx)          Date: November 25, 2014

Title: P ASSETS, INC. V. DAVID CABALLERO, ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING CASE TO STATE COURT FOR IMPROPER REMOVAL**

      Federal courts are courts of limited jurisdiction; they possess only that power authorized by the Constitution and by statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). If at any time a federal court determines that it lacks subject-matter jurisdiction, it must dismiss or remand the action. *See* Fed. R. Civ. P. 8(h)(3). A Court may raise the question of subject-matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Having considered the Complaint (Dkt. 1), Notice of Removal (Dkt. 1), and Defendants' Response to Order to Show Cause (Dkt. 10), the Court hereby REMANDS the case to state court for lack of subject-matter jurisdiction.

     **I.**     **Background**

      On September 29, 2014, Plaintiff P Assets, Inc. purchased real property located at 17521 Brent Lane, Tustin, California 92780 ("the Property") at a trustee's sale. Compl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1668-DOC (RNBx)                                            Date: November 25, 2014

                                                                                                                                                                     Page 2

¶¶ 2, 4. As a result of the sale, Plaintiff acquired title as foreclosure purchaser against the prior owners of the property, David and Maria Caballero ("Defendants"). *Id.* ¶ 5. That same day, Plaintiff served a 3-day Notice to Quit on Defendants. *Id.* ¶ 8. Nevertheless, Defendants refused to relinquish possession of the Property. *Id.* ¶ 6.

On October 6, 2014, Plaintiff filed a complaint for unlawful detainer against Defendants in the Orange County Superior Court. *See generally* Compl. (Dkt. 1). Nine days later, Defendants filed a Notice of Removal and the action was brought before this Court. *See* Notice of Removal (Dkt. 1). In their Notice of Removal, Defendants stated that this Court had subject-matter jurisdiction over the action because they had been deprived of their constitutional rights. *See id.* at 2-3.

After removal, Defendants filed a third party complaint against Third Party Defendants Bank of America, N.A., Bank of New York Mellon f/k/a Bank of New York as Trustee for the Certificate Holders of Cwalt, Inc., Alternative Loan Trust 007-ALI, Mortgage Pass-Through Certificates, Series 2007-ALI's ("Bank of New York Mellon"), Mortgage Electronic Registration Systems, Inc., Recontrust Company, N.A., MTC Financial, Inc. d/b/a Trustee Corps, and Old Republic Title Company. The Third-Party Complaint alleged violations of the federal Constitution and federal statutes. *See* Third Party Complaint (Dkt. 4).

On October 20, 2014, the Court issued an Order to Show Cause Why the Case Should Not be Remanded to State Court (Dkt. 6). Defendants filed a response on November 18, 2014 (Dkt. 11).

## II.     Legal Standard

Remand may be ordered for lack of subject-matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. *Id.* § 1446(a).

If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." *Id.*; *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1668-DOC (RNBx)                                Date: November 25, 2014

                                                                                                                  Page 3

     A court has federal question jurisdiction over a case or controversy when a well-pled complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. 28 U.S.C. §1331; *Federal Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). The presence or absence of federal question jurisdiction is governed by the well-pled complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pled complaint. *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002). The existence of a defense based on federal law is insufficient to support jurisdiction, even if both parties agree that the federal defense is the only question truly at issue. *Id.*; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The mere presence of a federal issue in a state law cause of action is not sufficient in and of itself to confer federal question jurisdiction. *See Merrell Dow*, 478 U.S. at 810-12.

### III.    Discussion

#### a. Jurisdiction Over Claims Alleged in Complaint

     Defendants contend that this Court has subject-matter jurisdiction over the present matter because the foreclosure proceeding deprived them of their real property without due process of law, deprived them of their right to trial by jury, and violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692(g)). *See* Notice of Removal at 2.

     The Court finds Defendants' argument unavailing because Plaintiff's complaint contains one sole claim: unlawful detainer. *See generally* Compl. (Dkt. 1). Absent a federal question on the face of the complaint, defenses and counterclaims based on violations of the Constitution and federal statutes will not give rise to federal jurisdiction. *See Vaden*, 556 U.S. at 60.

#### b. Jurisdiction Over Claims Alleged in Third Party Complaint

     Subsequent to filing the notice of removal, Defendants filed a third party complaint against numerous Third-Party Defendants. *See* Third Party Complaint (Dkt. 4). In this complaint, Defendants allege violations of the Constitution and the Fair Debt Collection Practices Act (15 U.S.C. § 1692(g)). The Court has considered whether it has jurisdiction over these claims and concludes that it does not.

     "[W]hen there is no subject-matter jurisdiction over the original action between plaintiff and defendant, it cannot be created by adding a third-party claim over which there is jurisdiction." 6 Charles A. Wright, et al., Federal Practice and Procedure § 144

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1668-DOC (RNBx)                              Date: November 25, 2014

                                                                                                                                               Page 4

(3d ed.). Allowing a defendant to create federal question jurisdiction by filing a third-party complaint "defeat the plaintiff's choice of forum and radically expand the class of removable cases." *Adkins v. Illinois Cent. R. Co.*, 326 F.3d 828, 836 (7th Cir. 2003) (citation and quotation marks omitted). It "would [also] impermissibly expand the jurisdiction of the federal courts beyond that conferred by Congress." *Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 820-21 (S.D.W. Va. 2004). *See also Great. N. Ry. v. Alexander*, 246 U.S. 276, 281 (1918) ("[W]hether a case arising . . . under a law of the United States is removable or not, when it is commenced . . . is to be determined by the allegations of the complaint or petition and . . . if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant."); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) (holding that an amended pleading stating a federal question filed after a case had been invalidly removed did not confer removal jurisdiction). *Cf. Schmidt v. Ass'n of Apartment Owners of Marco Polo Condo.*, 780 F. Supp. 699, 704 (D. Haw. 1991) (observing that a majority of courts do not permit third-party defendants to remove cases to federal court based on federal questions in a third-party complaint because doing so would defeat a plaintiff's choice of forum and potentially undermine judicial economy).

       In the present matter, there was no federal jurisdiction at the time Defendants removed the case to federal court. The fact that Defendants subsequently filed a third party complaint against Third-Party Defendants that included federal questions does not change the fact that the case was improperly removed. Thus, the entire matter should be remanded to the state court from which it was removed.

### IV.     Disposition

       For the foregoing reasons, this case is REMANDED to the Orange County Superior Court.

       The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                               Initials of Deputy Clerk: djg